**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Rania Katan,

Plaintiff,

v.

Kristi Noem, et al.,

Defendants.

No. CV-25-00705-PHX-KML

**ORDER**

Plaintiff Rania Katan brought this action to compel defendants to adjudicate her long-pending Form I-730 petition. (Doc. 1 at 11.) In September 2025, the government moved to dismiss, arguing Katan failed to state a claim for relief. (Doc. 18.) Katan filed an opposition but, in its reply filed on December 4, 2025, the government represents that U.S. Citizenship and Immigration Services denied the petition. (Doc. 24 at 1–2.) Because the petition has been adjudicated and is no longer pending, the government argues the action is moot. Katan has not filed anything disputing that position.

Because the court can grant no further on Katan's mandamus and APA delay claims, the action is moot. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003); *see Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013), *abrogated on other grounds by Patel v. Garland*, 596 U.S. 328, (2022). Katan's request for attorney's fees under 28 U.S.C. § 2412 does not save the case from mootness, because an "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990).

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 18) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall close this case.

Dated this 31st day of March, 2026.

Honorable Krissa M. Lanham
United States District Judge